**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| SONIA RUSSELL, | ) | CASE NO. 8:08CV292 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| AMERICAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on July 9, 2008.  (Filing No. 1.)  Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 5.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint on July 9, 2008, against one Defendant, American Airlines.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff is an African-American female who resides in Omaha, Nebraska.  (*Id.* at CM/ECF pp. 1, 5.)

Condensed and summarized, Plaintiff alleges that Defendant terminated her employment on February 26, 2008, because of her race.  (*Id.* at CM/ECF p. 2.)  Plaintiff's Complaint describes the events that led to her termination, and then alleges other discriminatory events that occurred during her employment.  Specifically, Plaintiff alleges that on February 14, 2008, her doctor advised her to take five days of medical leave from work. (*Id.* at CM/ECF p. 2.)  Plaintiff alleges that on February 16, 2007, her doctor faxed documentation to Defendant to "substantiate" her absence.  (*Id.*)  Plaintiff alleges that Defendant believed the documentation was insufficient, and ultimately she was terminated. (*Id.* at CM/ECF p. 3.)

During her employment, Plaintiff alleges she was subjected to several instances of "discrimination." (*Id.* at CM/ECF p. 5.)  Specifically, Plaintiff alleges she was "made to [work] baggage and was not scheduled due to [C]aucasian employees." (*Id.*)  Plaintiff also alleges that she was not properly trained.  (*Id.*)  Plaintiff seeks a "settlement" and "reimbursement" for fees charged by Defendant for Plaintiff's alleged failure to return company property.[1]  (*Id.*)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations

---

[1]Plaintiff alleges she was charged $239.60.00 for unreturned company property. (Filing No. 1 at CM/ECF p. 4.)

2

must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege claims brought pursuant to Title VII of the Civil Rights Act of 1964.  Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that she 1) is a member of a protected class; 2) was meeting the legitimate expectations of her employer; 3) suffered an adverse employment action; and 4) that circumstances exist which give rise to an inference of discrimination.  *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004).  If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action.  *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993).  If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000).  The ultimate burden of persuasion remains with the plaintiff throughout the case.

Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust her administrative remedies by first seeking relief through the Equal

Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party then has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has set forth allegations sufficient to "nudge" her Title VII claims of discrimination across the line from "conceivable to plausible." In addition, Plaintiff alleges the EEOC provided her with a right-to-sue notice on May 8, 2008. (Filing No. 1 at CM/ECF p. 8.) Thus, Plaintiff has exhausted her administrative remedies and may proceed on her claims against Defendant. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's claims against Defendant may proceed and service is now warranted;

2.   To obtain service of process on Defendant, Plaintiff must complete and return the summons form which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff

4

shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur;

3.     Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

4.     Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5.     Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 15, 2008**: Check for completion of service of summons;" and

7.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  **Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal.**

DATED this 18th day of August, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

5