**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **SONIA RUSSELL,** | ) | **CASE NO. 8:08CV292** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **AMERICAN AIRLINES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on Plaintiff's Motion for Extension of Time. (Filing No. 19.) Defendant has filed a Brief in Opposition to the Motion and an Index of Evidence. (Filing Nos. 21 and 22.) As set forth below, Plaintiff's Motion is granted.

Pursuant to the court's November 17, 2008, Progression Order, Defendant contacted Plaintiff on January 7, 2009, and offered four dates for the taking of Plaintiff's deposition. (Filing No. 22-2, Attach. 1 at CM/ECF p. 1.) On January 8, 2009, Plaintiff chose January 22, 2009, as the best date for her deposition to proceed, noting that she "require[d] time to request the day" off from work. (*Id.*) On January 16, 2009, Plaintiff contacted Defendant and asked to reschedule her deposition because her employer refused to give her the day off work. (Filing No. 22-3, Attach. 2, at CM/ECF p. 2.) Citing the deadline in the November 17, 2008, Progression Order, the late notice, and "logistical arrangements" which had already been made, Defendant did not agree to reschedule the deposition. (*Id.* at CM/ECF p. 1.) Plaintiff then requested that the deposition take place on January 21, 2009, "after hours," but Defendant did not agree to taking the deposition "after normal business hours." (*Id.*) In response, Plaintiff filed her Motion.

For good cause shown, the court will permit the rescheduling of Plaintiff's deposition. As a result, the deadlines contained in the Progression Order are extended, as set forth below. The parties should work together to choose a new date for Plaintiff's deposition. However, Plaintiff is cautioned that, once chosen, the new deposition date will not be extended by the court absent the showing of an emergency. In addition, Defendant

opposes the Motion partly due to "logistical arrangements" which had already been made, including the travel of Defendant's representatives from Dallas, Texas, to attend the deposition. To the extent these individuals have incurred non-refundable costs for travel, the court leaves open the question of whether Plaintiff must bear the cost of the extension.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Extension of Time is granted;

2. All depositions, whether or not they are intended to be used at trial, shall be completed by **February 23, 2009.**

3. All dispositive motions shall be filed on or before **March 23, 2009.** The parties must comply with the provisions of NECivR 7.1(a-h) and NECivR 56.1 when filing summary judgment motions;

4. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **May 12, 2009.** The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **May 26, 2009.** Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **June 9, 2009.** If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties; and

5. The date for the Final Pretrial Conference is unchanged and will be held before Magistrate Judge David L. Piester on **June 17, 2009**, at 9:00 a.m. Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

DATED this 21st day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge